FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 15, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

DALE MARK NORWICK,

                 Plaintiff,

     v.

BENTON COUNTY, WASHINGTON;
and ANDREW KELVING MILLER,
individually and in his capacity as a
former employee or agent of defendant
BENTON COUNTY; and
WASHINGTON STATE
DEPARTMENT OF CORRECTIONS;
and VIRGINIA JAMISON, individually
and in her capacity as an employee and
agent of defendant WASHINGTON
STATE DEPARTMENT OF
CORRECTIONS; and DIANNE
ASHLOCK, individually and in
her capacity as an employee and agent
of defendant WASHINGTON STATE
DEPARTMENT OF CORRECTIONS,

                 Defendants.

No. 2:25-CV-00166-RLP

ORDER GRANTING MOTION FOR
JUDGMENT ON THE PLEADINGS

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS * 1

1    Before the Court is Defendants Washington Department of Corrections

2  (DOC), Virginia Jamison, and Dianne Ashlock's (collectively "DOC Defendants")

3  Motion for Judgment on the Pleadings, ECF No. 17. For the reasons discussed

4  below, DOC Defendants' motion is granted. As the Court finds Mr. Norwick fails

5  to state a claim against any defendant, the lawsuit is dismissed.

6    BACKGROUND

7    Plaintiff Dale Norwick filed the Complaint in this action on May 19, 2025.

8  ECF No. 1. He names Benton County, former Benton County Proseuctor Andrew

9  Miller, the DOC, and DOC employees Virginia Jamison and Dianne Ashlock as

10  defendants. *Id*. at 1.

11    Mr. Norwick's Complaint alleges a jury convicted him in Washington state

12  court of two counts of conspiracy to commit murder in 1995. *Id*. at 6; *see also State*

13  *v. Norwick*, 91 Wn. App. 1007, 1998 WL 272144 (1998) (unpublished); ECF No.

14  17 at 27 (copy of *State v. Norwick*). The prosecutor on the case was Mr. Miller.

15  ECF No. 1 at 6. The state court sentenced Mr. Norwick to consecutive sentences of

16  207 months in prison on Count I, and 192 months on Count 2. *Id*. The Court

17  ordered the remaining sentences to run concurrently with these sentences. *Id*.

18    On appeal, Mr. Norwick's case was remanded for resentencing. *Id*. at 7;

19  *Norwick*, 1998 WL 272144 at * 16; ECF No. 17 at 27. The trial court entered an

20  Amended Judgment and Sentence in 1999. ECF No. 1 at 7. The court again

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS * 2

1 sentenced Mr. Norwick to serve sentences of 207 months in prison on Count I, and

2 192 months on Count II. *Id*. The Amended Judgment and Sentence stated the

3 sentences on Counts I and II were to run consecutively, although the state court left

4 the space on the Judgment and Sentence form for "months of total confinement

5 ordered" blank. *Id*.

6       Mr. Norwick then moved for modification of the Amended Judgment and

7 Sentence. *Id*. In 2000, the trial court entered the following Order:

8 III. ORDER

9       The Court will not modify the imposition of 207 months of
confinement.

10
11       The Court modifies the February 19, 1999 Judgment and Sentence to
clarify that the defendant had served 442 days in confinement as of June 2,
1995 solely in regard to the offenses for which the defendant was sentenced
to on June 2, 1999. The defendant had served 1358 days as of February 19,

12 1999 in confinement solely for the offenses for which the defendant was
sentenced to on February 19, 1999.

13
      The Court modifies the February 19, 1999 Judgment and Sentence to

14 delete the requirement that the defendant pay restitution to Metropolitan
Property and Liability Insurance Company.

15       *All other provisions of the February 19, 1999 Judgment and Sentence
remain in effect*.

16
      Formal entry of this decision is deferred until permission is obtained

17 from Division III of the Court of Appeals pursuant to RAP 7.2(e)

18 ECF No. 17 at 25 (emphasis added).

19       After the September 2000 order, confusion arose between Mr. Norwick and

20 the DOC regarding his release date. ECF No. 1 at 8. In a response to a letter from

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS * 3

1  Ms. Jamison dated March 25, 2004, Mr. Miller replied that the original, 1995

2  Judgment and Sentence's provisions that Counts I and II ran consecutive remained

3  in effect. *Id*. Mr. Miller directed the DOC to contact him if it had any further

4  questions. *Id*. Pursuant to this direction, Mr. Norwick was not released after 207

5  months, i.e. November 18, 2008. *Id*. at 11.

6      While in prison, Mr. Norwick filed kites, grievances, appeals, and writs of

7  Habeas Corpus and Personal Restraint Petitions challenging his confinement. *Id*. at

8  11. Unidentified DOC actors threatened and harassed Mr. Norwick when he

9  complained about his sentence. *Id*. at 11, 12. On September 15, 2021, DOC

10  employee Ms. Ashlock wrote in response to a letter from Mr. Norwick that she had

11  confirmed with the Benton County Prosecutor that the terms of confinement for

12  Counts I and II were to be served consecutively. *Id*. at 8-9. Mr. Norwick was

13  ultimately "discharged" from the DOC on March 5, 2024.[1] *Id*. at 11.

14      Mr. Norwick advances federal 42 U.S.C. §1983 and §1985 claims, and state

15  law negligence, negligent infliction of emotional distress (NIED), and intentional

16

17      [1] In his response to the Motion for Judgment on the Pleadings, Mr. Norwick

18  represents that he was released from confinement in June of 2022, and his

19  community custody terminated in December 2024. ECF No. 21 at 9. He does not

20  support these contentions with evidence.

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS * 4

1  infliction of emotional distress (IIED) claims, against all Defendants. *Id*. at 11-19.

2  The individual defendants are sued "in their capacity as officials." *Id*. at 12. He

3  also alleges a *Monell*[2] claim against Benton County and the DOC. *Id*. at 12-14.

4      Mr. Norwick alleges Defendants violated his First, Fourth, Fifth, Sixth,

5  Eighth, and Fourteenth Amendment rights by conspiring with each other to keep

6  him incarcerated, and to retaliate against him for the exercise of his First

7  Amendment rights. *Id*. at 11-19. With specific regards to Ms. Jamison and Ms.

8  Ashlock, Mr. Norwick alleges these defendants intentionally refused to file a

9  petition asking for clarification of his sentence, as required under RCW

10  9.94A.585(7), instead choosing to rely upon Mr. Miller's interpretation. *Id*. at 17.

11  Mr. Norwick's state law claims are based upon the same allegations as his federal

12  claims. *Id*. at 15-19.

13                          LEGAL STANDARD

14      A party may move for judgment on the pleadings after the pleadings are

15  closed. FRCP 12(c). "A judgment on the pleadings is properly granted when,

16  taking all the allegations in the non-moving party's pleadings as true, the moving

17  party is entitled to judgment as a matter of law." *United States v. Teng Jiao Zhou*,

18

19      [2] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 659, 98 S.

20  Ct. 2018 (1978).


ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS * 5

815 F.3d 639, 642 (9th Cir. 2016) (internal quotation marks omitted). The standard

governing a FRCP 12(c) motion for judgment on the pleadings is "functionally

identical" to that governing a FRCP 12(b)(6) motion to dismiss. *United States ex*

*rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir.

2011) (citations omitted). Claims "should not be dismissed unless it appears

beyond doubt the plaintiff can prove no set of facts in support of his claim that

would entitle him to relief." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754

(9th Cir.1994). District courts may dismiss claims *sua sponte* where the claimant

cannot possibly win relief. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th

Cir. 1987).

  If a matters outside the pleadings are presented, the motion for judgment on

the pleadings is generally converted to a motion for summary judgment. FRCP

12(d). However, a court may consider facts that are contained in materials of which

the court may take judicial notice when considering a motion for judgment on the

pleadings. *Heliotrope Gen., Inc. v. Ford Motor Co.,* 189 F.3d 971, 981 n.18 (9th

Cir. 1999). The Court may take judicial notice of documents, although not attached

to the complaint, whose contents are alleged therein, and no party disputes the

authenticity of. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Mr.

Norwick's Complaint hinges on the language of the 2000 state court Order on the

Motion to Modify Judgment. *See* ECF No. 1 at 7-8. DOC Defendants attached a

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS * 6

1   copy of the 2000 Order on Mr. Norwick's Motion to Modify Judgment to their

2   motion. ECF No. 17 at 23-25. The Court therefore takes judicial notice of the 2000

3   Order.

4   ANALYSIS

5   DOC Defendants move for judgment on the pleadings on all of Mr.

6   Norwick's claims against them.

7   *Federal Claims*

8   Mr. Norwick asserts § 1983, *Monell*, and § 1985 claims for overdetention

9   and First Amendment retaliation.

10   *1. Overdetention Claims*

11   42 U.S.C. § 1983 creates a private cause of action against "[e]very person"

12   who, acting under color of law, deprives a plaintiff of his or her rights, privileges,

13   or immunities secured by the constitution or laws of the United States. "Local

14   governing bodies . . . can be sued directly under § 1983 for monetary, declaratory,

15   or injunctive relief where ... the action that is alleged to be unconstitutional

16   implements or executes a policy statement, ordinance, regulation, or decision

17   officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at

18   690, 98 S. Ct. 2018. The *Monell* Court stated expressly "Congress did not intend

19   municipalities to be held liable unless action pursuant to official municipal policy

20   of some nature caused a constitutional tort." *Id*. at 691.

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS * 7

1    42 U.S.C. § 1985(3) creates another private cause of action where "two or

2  more persons" conspire to deprive plaintiff of the equal protection of the laws, or

3  of equal privileges and immunities under the laws.

4    Qualified immunity shields government officials "from money damages

5  unless a plaintiff pleads facts showing (1) that the official violated a statutory or

6  constitutional right, and (2) that the right was clearly established at the time of the

7  challenged conduct." *Ashlock v. al-Kidd*, 563 U.S. 731, 735, 131 S. Ct. 2074

8  (2011) (quotation omitted). "A Government official's conduct violates clearly

9  established law when, at the time of the challenged conduct, '[t]he contours of [a]

10  right [are] sufficiently clear' that every 'reasonable official would [have

11  understood] that what he is doing violates that right.'" *Id*. at 741 (quoting *Anderson*

12  *v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034 (1987)).

13    Overdetention beyond an inmate's release date may violate his Eighth

14  Amendment rights if it was the result of deliberate indifference to the inmate's

15  liberty interest. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

16    Mr. Norwick's overdetention claims rely upon the 2000 Order modifying his

17  1999 Amended Judgment and Sentence to reduce his total term incarceration to

18  207 months. The 2000 Order plainly does not do so. The 2000 Order clearly states

19  the state court "will not modify" Mr. Norwick's term of incarceration. ECF No. 17

20  at 25. The only modifications granted were the calculation of time served, and the

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS * 8

1  striking of restitution. *Id*. Nowhere in the 2000 Order did the state court express an

2  intent to modify Mr. Norwick's total term of confinement, or to have Mr.

3  Norwick's sentences on Counts I and II run concurrently. When the trial court

4  referenced "207 months of total confinement" it was simply observing what was

5  imposed "on February 19, 1999." ECF No. 1 at 7, ⁋ 3.4; ECF No. 17 at 23. It is

6  undisputed that what was imposed in 1999 was 207 months on Count I and 192

7  months on Count II, to run consecutively.

8      While on a motion for judgment on the pleadings the Court must take all

9  allegations of the Complaint as true, this does not mean the Court must read words

10  into the 2000 Order where none exist. *See Steckman v. Hart Brewing, Inc.*, 143

11  F.3d 1293, 1295-96 (9th Cir. 1998) (district courts "are not required to accept as

12  true conclusory allegations which are contradicted by documents referred to in the

13  complaint"). Nor must the Court accept Mr. Norwick's interpretation of the 2000

14  Order – a legal conclusion – as true. *See W. Mining Council v. Watt*, 643 F.2d 618,

15  624 (9th Cir. 1981) (district courts need not assume the truth of legal conclusions

16  merely because they are cast as factual allegations).

17      Mr. Norwick fails to state a § 1983, *Monell*, or § 1985 overdetention claim

18  because he does not plead facts showing overdetention and thus a constitutional

19

20

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS * 9

1  violation.[3] The individual defendants named in the Complaint are entitled to

2  qualified immunity for the same reason.

3      *2. First Amendment Retaliation*

4      Mr. Norwick's claims for First Amendment retaliation stem from allegations

5  that unidentified DOC actors punished him for attempting to challenge his sentence

6  from within prison. *See* ECF No. 1 at 11-12. He does not allege that Benton

7  County, Mr. Miller, Ms. Jamison, or Ms. Ashlock participated in this retaliation.

8  As these defendants are not implicated in the alleged retaliation, they are entitled to

9  dismissal of any First Amendment retaliation claim asserted against them.

10

11

---

12      [3] To the extent Mr. Norwick alleges a claim for violation of his procedural due

13  process rights for Defendants' failure to seek clarification under RCW 9.94A.585(7),

14  he is unable to do so as he does not show Defendants' actions deprived him of a

15  liberty interest (i.e., he fails to show he was overdetained). *See Vasquez v.*

16  *Rackauckas*, 734 F.3d 1025, 1042 (9th Cir. 2013). It also unclear how he would have

17  standing to assert a claim for failure to seek clarification absent evidence of an injury

18  (i.e., overdetention) suffered as a consequence. *See Food & Drug Admin. v. All. for*

19  *Hippocratic Med.*, 602 U.S. 367, 381, 144 S.Ct. 1540 (2024) (standing requires

20  plaintiff to demonstrate he has suffered a real, not abstract, injury).

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS * 10

1    This leaves the DOC as the sole defendant against whom Mr. Norwick

2   alleges a First Amendment retaliation claim. However, the Eleventh Amendment

3   to the United States Constitution bars private claims for damages brought in

4   federal court against states and state entities. *Will v. Michigan Dep't of State*

5   *Police*, 491 U.S. 58, 70, 109 S. Ct. 2304 (1989); *Mitchell v. Los Angeles Cmty.*

6   *Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988) ("Under the eleventh amendment,

7   agencies of the state are immune from private damage actions or suits for

8   injunctive relief brought in federal court"). Therefore, Mr. Norwick's First

9   Amendment retaliation claims against the DOC must be dismissed as well.

10   *State Law Claims*

11    "A court may decline to exercise supplemental jurisdiction over state-law

12   claims once it has dismissed all the claims over which it has original jurisdiction."

13   *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (citing 28 U.S.C. § 1367(c)(3)).

14   When a court dismisses all federal law claims before trial, "the balance of the

15   factors to be considered under the pendent jurisdiction doctrine – judicial

16   economy, convenience, fairness, and comity – will point toward declining to

17   exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ.*

18   *v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614 (1988).

19    The Court declines to exercise jurisdiction over Mr. Norwick's remaining

20   state law claims. The basis for these claims appears to be Mr. Norwick's supposed

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS * 11

1 overdetention. As discussed above, Mr. Norwick has failed to allege facts showing

2 he was overdetained. The Court also notes that Mr. Norwick failed to adequately

3 plead his negligence and NIED claims,[4] as both claims appear to rely on

4 intentional conduct – DOC Defendants' purported conspiracy with Mr. Miller to

5 keep him incarcerated. *Vargas Ramirez v. United States*, 93 F. Supp. 3d 1207,

6 1236 (W.D. Wash. 2015); *St. Michelle v. Robinson*, 52 Wn. App. 309, 316, 759

7 P.2d 467 (1988). Washington's three-year statute of limitations also bar Mr.

8 Norwick's state law claims, which appear to be based off actions Mr. Miller, Ms.

9 Jamison, and Ms. Ashlock took in 2004 and 2021. *See Cox v. Oasis Physical*

10 *Therapy, PLLC*, 153 Wn. App. 176, 191-93, 222 P.3d 119 (2009) (negligence,

11 NIED, and IIED claims accrue when plaintiff knew or should have known facts

12 giving rise to the claim). Finally, Mr. Norwick's Complaint fails to demonstrate

13 compliance with Washington's tort claim notice procedure, as necessary for

14 jurisdiction over the state defendants. *See* RCW 4.92.100, .110; *Schoonover v.*

15 *State*, 116 Wn. App. 171, 177, 64 P.3d 677 (2003) (dismissal for lack of subject

16

17

---

18    [4] The Court also notes that Mr. Norwick failed to plead any objective

19 symptomology of emotional distress, a necessary element of an NIED claim. See

20 *Repin v. State*, 198 Wn. App. 243, 263, 392 P.3d 1174 (2017).

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS * 12

1  matter jurisdiction required where plaintiff fails to demonstrate a properly filed tort

2  claim notice prior to filing suit against state).

3      As judicial economy and fairness support this Court's decision to decline to

4  exercise jurisdiction over Mr. Norwick's state law claims, they are dismissed

5  without prejudice.

6      **ACCORDINGLY, IT IS ORDERED:**

7      1.    DOC Defendants' Motion for Judgment on the Pleadings, **ECF No.**

8            **17,** is **GRANTED**.

9      2.    Plaintiff Dale Norwick's 42 U.S.C. §1983, §1985, and *Monell* claims

10           are **DISMISSED with prejudice**. Mr. Norwick's remaining state law

11           claims are **DISMISSED without prejudice**.

12     **IT IS SO ORDERED.** The Clerk of this court shall enter this Order and

13 judgment in favor of all Defendants, forward copies to the parties, and close this

14 file.

15     DATED October 15, 2025.

16



17         REBECCA L. PENNELL
        UNITED STATES DISTRICT JUDGE

18

19

20

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS * 13